## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA/NORFOLK DIVISION

| | |
|---|---|
| DARYL LEWIS GILLEY COLINOT, | § CASE NUMBER 2:14-cv-00475 |
| *Plaintiff Pro Se* | § |
| V. | § |
| EAST BEACH-BAY MARINE MARINA, INC., | § |
| BLANDINE ESPEJO—IN CAPACITY AS OWNER, | § |
| STEPHEN J. GREGORY—IN CAPACITY AS MANAGER; | § |
| VININGS MARINE, INC., | §  **JURY TRIAL DEMANDED** |
| BRIAN PARKER –IN CAPACITY AS MANAGER; | § |
| CUTTY SARK MARINA, CO-OWNER/COOK JANE DOE | § |
| THE CITY OF NORFOLK, VIRGINIA: | § |
| OFFICER CROWDER—IN CAPACITY OF | § |
| CHIEF OF INVESTIGATIONS-NORFOLK POLICE DEPT, | § |
| CAPTAIN A.M. POMERANZ-NORFOLK POLICE DEPT, | § |
| CINDY HALL—IN CAPACITY OF ASST. CITY ATTY, | § |
| OFFICER G.C.WALL-IN CAPACITY OF POLICE OFFICER, | § |
| W.G. SNYDER-IN CAPACITY OF POLICE OFFICER, | § |
| OFFICER LOGAN—NORFOLK POLICE DEPARTMENT, | § |
| POLICE OFFICERS JOHN DOE(s) 1-7 NORFOLK PD; | § |
| VA DEPT. OF GAME & INLAND FISHERIES, | § |
| ESPEJO FRIEND or ASSOCIATE, JANE DOE, | § |
| U.S. POSTAL WORKER JOHN DOE, | § |

*Defendants*

## PLAINTIFF'S AMENDED COMPLAINT

## TO THE HONOURABLE JUDGE OF SAID COURT:

**COMES NOW DARYL LEWIS GILLEY COLINOT, PLAINTIFF PRO SE,** and files this, his **AMENDED COMPLAINT,** to inform the Court about the property losses, personal injury, pain and suffering, and civil rights violations/deprivations that he has been forced to endure, by and through the individual and concerted actions of **DEFENDANTS.**

He will show how **Defendants** did not show a single shred of humanity while being deliberately indifferent in carrying out the unconstitutional and unlawful acts against him, which gave rise to this action, and which they purposefully directed toward the common goal of stealing a 47-foot U.S. Documented Vessel, the Ship Ship Hooray, aboard which **Colinot** lived and worked.

## PARTIES

### THE PLAINTIFF:

**Daryl Lewis Gilley Colinot** is a single male currently living at 210 North Main Street, Unit 1218 in Dayton, Ohio—45402;

### THE DEFENDANTS:

**East Beach-Bay Marine Marina** is a corporation that runs a marina at 4621 Pretty Lake Avenue inside the city limits of the City of Norfolk, Virginia—23518;

**Blandine Espejo** is a single female who owns **East Beach-Bay Marine Marina** at 4621 Pretty Lake Avenue inside the city limits of the City of Norfolk, Virginia. Both **East Beach-Bay Marine Marina** and **Blandine Espejo** can be served at 4621 Pretty Lake Avenue in Norfolk, Virginia.

**Stephen J. Gregory** is a single male, residing at 300 Thole Street in Norfolk, Virginia, 23505. At the time that the events about which **Colinot** complains, **Defendant Gregory** identified himself to **Colinot** as a Licensed Captain and Manager of **East Beach Marina**. Aside from the East Beach Marina address, (4621 Pretty Lake Avenue) **Colinot** was given a calling card by **Defendant Gregory** on Sunday, September 16th, 2012, which shows **Defendant Gregory's** email address

to be wvsedge25@aol.com. **Defendant Gregory** can be served at his home address, or at the **East Beach Marina** address (4621 Pretty Lake Avenue in Norfolk, Virginia).

**Espejo Associate Jane Doe** is an unidentified Caucasian female, in her late 30's/early '40's, who between 10 AM and 2 PM on Wednesday, September 26th, 2012, was with **Defendant Espejo** at **Espejo's East Beach Marina** Office and at Slip 37, Dock B, where the Ship Ship Hooray was docked.

**VINING'S MARINE** is a corporation that runs Bay-point Marina, Vining's Landing Marina, and Little Creek Marina, and a restaurant called Taylor's Landing/Captain's Galley, whose principle place of business and Custodian of Records are located at 8166 Shore Drive, in Norfolk, Virginia, 23518.

**Brian Parker** is a single male, whose residence location is unknown to **Colinot**, and who at the time that the events of which **Colinot** complains took place, identified himself to **Colinot** as Manager of **Vining Marines'** Vining's Landing Marina, and its on-site restaurant (Taylor's Landing/Captain's Galley). Both, **Defendant Parker** and **Vining's Marine** can be served at the 8166 Shore Drive address provided in the preceding paragraph.

**Cutty Sark Marina/Restaurant** is a company that runs a Marina and a Restaurant at 4707 Pretty Lake Avenue in Norfolk, Virginia. Once an identification is established, **Co-owner/cook Jane Doe** can be served at 4707 Pretty Lake Avenue in Norfolk, Virginia.

**The City of Norfolk, Virginia** is a municipality within the **Commonwealth of Virginia**, whose Custodian of Records is located at 800 E. City Hall Avenue, Suite 600, Norfolk, VA 23510, within the United States Eastern District. **Defendants Chief of Investigations Officer Crowder, Captain A.M. Pomeranz, Officer W.G. Snyder, Officer G.C. Wall, and Officer Logan** are all Employees of the **City of Norfolk Police Department,** and all were acting under the authority or color of state law at the time that **Plaintiff Colinot's** claims occurred; as well as **Cindy Hall** is an **Assistant City Attorney,** also an Employee of the **City of Norfolk**, who was acting under the authority or color of state law at the time that **Plaintiff Colinot's**

claims occurred. All of the aforementioned City of Norfolk Employees can be served at the 800 E. City Hall Avenue address provided at the top of this paragraph.

**The Commonwealth of Virginia's Department of Wildlife and Inland Fisheries** is a public sector service entity operated by **Defendant Commonwealth of Virginia** that is involved by and through its agents in the titling and registration of boats within the **Commonwealth of Virginia**. The Department's main office is located at 4010 West Broad Street, in Richmond, Virginia--23230, within the United States Eastern District. **Defendants Dorita Adams, John Evans,** and **Cindy Morgan** are Boat Registration and Titling Agent/Employees with **The Commonwealth of Virginia's Department of Wildlife and Inland Fisheries,** and were all acting under the authority or color of law at the time that **Plaintiff Colinot's** claims occurred. All named **Defendants** can be served via the Attorney General Mark R. Herring, and Custodian of Records Office for **Defendant Commonwealth of Virginia** is located at 900 East Main Street in Richmond, Virginia—23219.

**Regarding John Doe Postal Clerk at Salisbury, Maryland Post Office: The United States Postal Service** is a public sector entity involved in the day-to-day operations of mail processing and delivery in the United States of America. Its headquarters and Custodian of Records are located at 475 L'Enfant SW, Washington, DC 20260-0004. **John Doe Postal Clerk at Salisbury, Maryland Post Office** was acting under the authority or color of federal law at the time that **Plaintiff Colinot's** claims occurred.

## II. VENUE

Venue in the Norfolk Division of the United States Eastern District is proper, because the events giving rise to this Complaint took place inside the Cities of Norfolk and Richmond, Virginia, both located in the Eastern District jurisdiction.

## III. JURISDICTION

The jurisdiction of this Court is invoked under 28 U.S.C. §1331. Federal question jurisdiction arises pursuant to civil rights violations involving: 42 U.S.C. §1983, 42 U.S.C. §1985, (including conspiracy to commit civil rights violations against

**Plaintiff Colinot**), the Age Discrimination Act, the Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments of the United States Constitution, the Fourteenth Amendment's Equal Protection Clause; also the Privacy Act of 1974; Title 42, Chapter 21, 42 U.S.C. §3601 et seq. ; Title 42 U.S.C. §3631, 25 CFR §11.404, the Police Misconduct Provision of the Violent Crime and Law Enforcement Act of 1994: Title 42 U.S.C. 14141; Title 18 U.S.C. Chapter 31, §661 and §662; Title 18, U.S.C. §241, Title 18, U.S.C. §242, Title 18, U.S.C. §243, the Deceptive Trade Practices Act, Title 18, U.S.C. 1708 and 1709, Title 18, U.S.C. §1651, and the RICO Act of 1970, 18 U.S.C. §1961-1968, plus laws governing all aspects of U.S. Coast Guard Documented Vessels.

This case is also brought to this Court for enforcement and relief associated with the laws governing malicious prosecution in the Commonwealth of Virginia, as well as the protection provisions under Virginia State Code §18.2-174 and Virginia Section 29.1-733.1, laws governing all aspects of breach of contract and property damage in the Commonwealth of Virginia.

## IV. NATURE OF THE CASE

As detailed in Section VI below, this case involves numerous civil rights violations that include some of a conspiratorial nature, as well as some carried out under the color of law, along with the taking of **Plaintiff Colinot's** personal and intellectual property without due process.

## V. NOTICE TO COURT REGARDING

## PLAINTIFF'S INVOLVEMENT IN PREVIOUS RELEVANT CASE:

**Plaintiff Colinot** hereby informs the Court, that he was involved as the **Defendant** in the Criminal Trespassing Case that was filed against him by current **Defendant Blandine Espejo,** and corresponding to Offense Tracking Number 711GM1200019767 in Court 5 (Five) of the Norfolk General District Court, which was presided by and dismissed by Norfolk Magistrate, R.J. Salvadore on December 28th, 2012. **Plaintiff Colinot** will be relying on the same facts and events of that case in presenting a portion of this case involving **Defendants East Beach-Bay**

**Marine Marina, Blandine Espejo, Stephen J. Gregory;** and **Officers Logan and G.C. Wall** with the **Norfolk Police Department.**

## VI. CAUSES OF ACTION

I allege that my Constitutional rights, privileges, or immunities have been violated and that the following facts form the basis for my allegations.

### COUNT 1: DENIAL OF ACCESS TO PUBLIC ACCOMMODATIONS

On Sunday, September 16th, 2012, at around 6:30 PM, I was told by East Beach Marina Manager, **Defendant Stephen J. Gregory**, that I could not stay at East Beach, because he "had a problem with wooden boats, and that they could pose sinking issues".

On Monday, September 17th, 2012, at around 10:20 AM, I was told by East Beach Marina Manager, **Defendant Blandine Espejo**, that I could not stay at East Beach, because the marina did not accept wooden boats. There were no signs anywhere on the property stating that wooden boats were not accepted there. One marquee type sign read, "Slips Available"—and listed the marina phone number. That sign did not indicate the marina's non-acceptance of wooden boats.

At all times that **Plaintiff** was told that East Beach Marina did not accept wooden boats, the Marina was a marina open to the public, and there were some other wooden boats docked at East Beach Marina.

### COUNTS 2 and 3: INTERFERENCE WITH FAIR HOUSING AND ACCESS TO PUBLIC ACCOMMODATIONS

Based on the fact that East Beach did not accept wooden boat, I was making a good faith effort to move the boat to find another slip to which to move the boat in the area, on Tuesday, September 18th, 2012, at around 7:00 PM, **Defendant Stephen J. Gregory** came over admitted to me, that he had been talking to a manager of three marinas in the area, and told me, "Don't even think of renting there (at any of the three Vining's Marine Marinas). "I talked to Brian, and he is not going to rent to you." That proved to be true, because when I went back to the Vining's Marina office, none of the slip rental agents would talk to me. The

East Beach Marina Manager was telling me to find another place, and then making it impossible for me to find one.

## COUNT 4: CONSPIRACY TO COMMIT INTERFERENCE WITH FAIR HOUSING, ACCESS TO PUBLIC ACCOMMODATIONS

On Tuesday, September 18th, at around 7:00 PM, **Defendant Gregory** came over and admitted to me, "Don't even think of renting from Brian **(Defendant Parker at Vining's Marine)**—He and I have been talking, and he is not going to rent to you—"

## COUNT 5: PRIVACY ACT VIOLATION

At around 11:50 AM on September 20th, 2012, **Officer Logan** with the **Norfolk Police Department** obtained my driver's license information using the pretense that he was investigating whether my presence at East Beach Marina was civil or criminal, saying that he needed to run a background check on me. He ran it by talking into the two-way on his shoulder, and my record came back as "clear". I had never given my driver's license information to **Defendant Blandine Espejo** or **Stephen J. Gregory.** Yet, as court records will show, about an hour from that time **Defendants Blandine Espejo,** and **Stephen J. Gregory** were filing a criminal trespassing complaint against me, and a warrant for my arrest had been issued by 1:09 PM that same date—approximately 13 minutes after **Espejo** and **Gregory** had written the Complaint against me.

## COUNT 6: CONSPIRACY TO DEPRIVE ME OF MY CIVIL RIGHTS

Based on the short period of time that elapsed between **Defendant Logan** getting my driver's license information at around 11:50 AM on Thursday, September 20th, 2012, and a warrant being issued for my arrest having been issued an hour and 13 minutes later, I believe that the actions that I describe in **Count 1** took place among **Defendants Espejo, Gregory,** and **Logan** were conspiratorial in nature.

## COUNTS 7, 8 and 9: FALSE ARREST, NON-ADMINISTERING OF MIRANDA RIGHTS,

## and ELDERLY ABUSE

On Friday, September 21st, 2012, at approximately 6:50 PM **Officer G.C. Wall** who wears **Badge #16986** with the **Norfolk Police Department** arrested me in the parking lot of East Beach Marina, accusing me of trespassing on that property, even though the Complaint that he was holding in his hand and acting upon, had not been written by the complainant, wrongly identified me as the owner of the boat, and had been sworn to and filed one (1) day prior to the date that I had agreed to leave the marina.

**Officer Wall** took my bike that I was planning to ride away from me, used my bike lock to lock it on the door to my van, arrested me, handcuffed me, put me in the back seat of his patrol car, and drove me away from the parking lot. At no time did he administer any portion of the Miranda Rights to me. Instead, he told me that he was arresting me, but that he was not taking me to jail. So instead of taking me to jail, he took me to a residential area where there were some other police cars parked on both sides of the street. On the way to the residential area, he was talking down to me, in a condescending way. He stepped out of the car and spoke to another officer. He came back, took me out of the car, removed my handcuffs, took a stamp pad out of his shirt pocket, and took my fingerprints on top of the hood of the car. He said that they were waiting for a paper. The document that they were waiting for, it turned out, was a copy of the warrant of arrest that had been issued for me at the request of Complainant **(Defendant)** Espejo the day before. **Officer Wall** continued to abuse me—I was 70-years-old at the time, by telling me that he did not have to drive me back to the marina (implying that I would have to walk back). He took me back to the (East Beach) marina (where he had arrested me earlier for trespassing told me to give me five minutes to get some clothes. I got the clothes. **Defendant Steve Gregory** and his girlfriend, **Ava** were sitting at a distance watching the activity between the Officer and me. When I came back out with my clothes to the parking lot to leave, **Officer Wall** and his patrol car were gone.

## COUNT 10: EQUAL PROTECTION CLAUSE VIOLATION

On Saturday, September 22nd, 2012, at around 8:00 AM, I was accused of trespassing at the Captain's Galley Restaurant on the property of **Defendant Vining's Marine**. I had been in the restaurant having a light breakfast, and I came out to find a group of young men and women papering my car with "We're going to have you towed" type of warnings. I never received an apology from Vining's Marine or the Captain's Galley for the incident.

### COUNT 11: DENIAL OF PUBLIC ACCOMMODATIONS,

Between 11 AM and 12 noon on Saturday, September 22nd, 2012, I was sitting having lunch at the Cutty Sark Restaurant at 4707 Pretty Lake Avenue, when totally out of the blue and unsolicited, the cook at the restaurant, **Defendant Jane Doe—Co-Owner/Cook** at the Cutty Sark Restaurant, a Caucasian female in her mid to late '40's, came over and told me and Nora Soto Gutierrez, whom I was having lunch with, "I heard that you all are looking for dockage space, and I just want to tell you not to even think about it. You cannot dock at my marina."

### COUNT 12: ACT OF PIRACY

On Wednesday, September 26th, 2012, at approximately 11:50 AM, I was forced to leave my home, the Ship, Ship Hooray, by **Defendant Blandine Espejo** and an Associate or Friend of hers, **Jane Doe**. They both yelled and screamed viciously at me incessantly, demanding that I get off the boat. (I had already been accused of trespassing, but permission for me to go to the property (and boat) to get a cat of the boat had been arranged by Mary, secretary to Norfolk attorney Anthony Montagna. I was ordered by both women to, "...Just take the cat, its crate, and get off that boat!" They yelled, "Don't take anything else off that boat. Just the cat and its crate!" My personal belongings and intellectual property, a Medicare prescribed oxygen concentrator that I needed for breathing while sleeping at night, along with 17th Century Admiral Dinghy regalia that I had designed and tailored myself for use with my Admiral Dinghy book promotions were all in there. I lost everything without due process.

### COUNTS 13, 14, 15, 16, and 17:

## EQUAL PROTECTION CLAUSE VIOLATION, VIOLATION OF 1994 VIOLENT CRIME CONTROL and LAW ENFORCEMENT ACT; and INTIMIDATION, ABUSE, and ASSAULT OF AN ELDERLY PERSON BY POLICE OFFICERS

At about 9:30 AM the next day, Thursday, September 27th, 2014, **Colinot** was on his way to Wonder Bread Bakery when he was stopped by some **City of Norfolk police officers** who told him that a Norfolk police officer, (W.G. Snyder) had been directed by **City of Norfolk Assistant City Attorney Cindy Hall** to give him (**Colinot**) a verbal warning.

> An eyewitness to the incident states that said "warning" evolved into a ten to 12-minute verbal and physical assault (by saliva and spit) onto **Colinot's** face caused by the extreme and forceful breath that **Defendant City of Norfolk's Police Officer, W.G. Snyder**, (hereinafter **NPD's Snyder**) was forcefully exhaling during the course of said assaults, culminating with **NPD's Snyder** threatening **Colinot** with the sinking of the Ship Ship Hooray which he stated he would carry out by "disconnecting the electricity that was necessary to run the Ship's bilge/sump pump." Aside from that, Snyder publicly accused **Colinot** of a false debt, and other police officers that included **Officer Logan, and the other seven John Doe Police Officer Defendants** yelled derogatory and threatening remarks at **Colinot,** telling him that they would be looking for him within the city limits to arrest him—comments that would match in tone and arrest type threat hurled toward **Colinot** a couple of days later by **Defendant/Norfolk Assistant City Attorney, Cindy Hall.**

### COUNT 18: CONSPIRACY TO INTIMIDATE AND ABUSE AN ELDERLY PERSON

Based on the information in Count 13 of this Document, It is **Plaintiff's** belief that all **Defendant's** named therein, conspired to intimidate and abuse him.

### COUNT 19: TELEPHONE HARASSMENT

On Wednesday, October 10th, 2012, **Colinot** received an unsolicited harassing phone call from **NPD's Snyder**, which originated from **Defendant Gregory's** telephone number (757)675-3214 through which **NPD's Snyder** gave **Colinot** unsolicited wrong legal advice, by urging him to move the Ship Ship Hooray *prior to* the October 16th court date in which the Criminal Trespassing Case against **Colinot** was scheduled to be heard.

### COUNT 20: CONSPIRACY TO HARASS

Based on the information in Count 19, it is **Plaintiff's** belief that **Defendants Snyder** and **Gregory** conspired to harass him.

### COUNT 21: DUE PROCESS DEPRIVATION

On or about late September of 2013, **Plaintiff** filed an Internal Affairs Complaint with the Norfolk Police Department in relation to the harassing phone call by **Defendant Snyder** described in Count 19 above. **Plaintiff** never received a letter, as issued by other police departments in other parts of the country, to advise him whether his complaint had been sustained, whether the officer had been exonerated, or whether he (**Plaintiff**) could appeal the outcome of the investigation. He simply got a form letter signed by **Defendant A.M. Pomeranz**, stating that he had addressed the matter.

### COUNT 22: MALICOUS PROSECUTION

As a direct and proximate result of the malicious prosecution that resulted from the color of law action that **Defendant City of Norfolk's Officer Logan** used to obtain his driver's license information to unlawfully share with **Defendants Gregory** and **Espejo**, who filed a false and baseless criminal trespassing case against him that was dismissed by the Court on December 28, 2012; but that prior to its dismissal subjected **Colinot** to false arrest and unlawful arrest and detainment by another **NPD Officer G.C. Wall**, **Colinot** requests that the Court grant him malicious prosecution damages and relief.

### COUNT 23: LOSS OF PERSONAL AND INTELLECTUAL PROPERTY

On or about August 29th, 2013, **Gutierrez** and **Colinot** were informed by an Officer with **Defendant Commonwealth of Virginia's Department of Wildlife and Inland Fisheries**, that the Ship Ship Hooray—a U.S. Documented Vessel, had been titled to **East Beach Marina** during the first week of August, 2013, which coincided with **East Beach Marina's** receipt of **Colinot** and **Gutierrez's** first certified letter request for a re-send, and that also included another Notice of Non-Abandonment of the Vessel. The Officer (Travis Murray) also mentioned that although titled to **East Beach Marina**, as of Friday, August 30th, 2013, the vessel had not changed hands.

**The Commonwealth of Virginia's Department of Wildlife and Inland Fisheries** to properly vet, train, and supervise their Employees regarding the proper procedures for issuing of boat titles and registrations, **Colinot** suffered loss of personal and intellectual property without due process, and was deprived of protection via the Fourth Amendment against illegal searches and seizures. For the reasons stated, **Colinot** requests that the Court grant him relief and damages for his loss of property.

### COUNTS 24 and 25: DEPRIVATION OF DUE PROCESS/POLICE PROTECTION

Even though **Plaintiff Colinot** and **Gutierrez** informed the **Defendant City of Norfolk's Chief of Investigations, Defendant Crowder** that the Ship Ship Hooray was missing (as were all of their personal belongings), **Defendant Crowder** refused to take a theft of vessel or missing vessel report from either one of them.

**Colinot** requests relief and damages for the personal and intellectual property that he lost without due process, the various civil rights violations committed against him and his property.

### VII. PRAYER FOR DAMAGES

WHEREFORE **Plaintiff Daryl Lewis Gilley Colinot** the sum of $196,100.00 for actual losses; general damages according to proof (proved in trial); reasonable attorney's fees; costs of suit; and such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

_____

DARYL LEWIS GILLEY COLINOT
Plaintiff Pro Se
210 North Main Street, #1218
Dayton, OH 45402
(937)503-1385 and (937)825-0008